UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS CAVE,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>M. O'BRINKLEY, et al.,<br><br>　　　　Defendant(s). | Case No.: 2:20-cv-00413-APG-NJK<br><br>**ORDER**<br><br>[Docket Nos. 32, 33] |

Pending before the Court is Plaintiff's motion concerning Defendants' discovery compliance. Docket No. 32. The Court construes Plaintiff's motion as a motion to compel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Courts liberally construe *pro se* filings). Also pending before the Court is a motion to extend discovery deadlines, filed by Defendants Brinkley and Mead and joined by Defendant Holmes. Docket No. 33; *see also* Docket No. 34. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c).

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 171. Courts may look beyond the certification made to determine whether a sufficient meet and confer occurred. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Here, neither motion states whether the parties made a good-faith effort to meet and confer. Further, neither motion includes a certification regarding a meet-and-confer. Although the Court construes pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure. *Ghazali v. Moran*. 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly, both Plaintiff's motion to compel and Defendants' motion to extend discovery deadlines are **DENIED** without prejudice. Docket Nos. 32, 33.

IT IS SO ORDERED.

Dated: October 9, 2020

                                                                                     _____
                                                                                     Nancy J. Koppe
                                                                                     United States Magistrate Judge

2