# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRIS CAVE,

    Plaintiff(s),

v.

KENNETH MEAD, et al.,

    Defendant(s).

Case No.: 2:20-cv-00413-APG-NJK

**ORDER**

[Docket No. 26]

Pending before the Court is Plaintiff's notice of second manual entry. Docket No. 26. Plaintiff alleges bias and appears to seek recusal of the undersigned.[1] *See id.* at 2–3.

In the Ninth Circuit, "[t]he standard for recusal" under section 455 is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Additionally, "[t]o warrant recusal, judicial bias must stem from an extrajudicial source." *Taylor*, 993 F.2d at 712. "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Id.* Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a

---

[1] Plaintiff alleges that he previously requested recusal in his "1 July 2020, 12(b)(6) OPP submittal[.]" Docket No. 26 at 2. Plaintiff's responses to Defendants' motions to dismiss, however, include no request for recusal. *See generally* Docket Nos. 16, 18. Nonetheless, the undersigned construes the instant notice as a motion for recusal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating courts liberally construe *pro se* filings). Although Plaintiff states that he seeks recusal of "NJK" and "NGK," *see* Docket No. 26 at 2–3, the undersigned further construes Plaintiff's references to "NJK" and "NGK" as references to the undersigned. The undersigned also notes that, on September 18, 2020, Plaintiff filed a 165-page notice of additional exhibits, wherein he included an identical copy of the instant notice requesting recusal. *Compare* Docket No. 26 at 1–3, *with* Docket No. 30 at 1–3.

1

deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff's request for recusal appears to arise out of allegations that the undersigned engaged in improper conduct in an unrelated case. *See* Docket No. 26 at 2–3. Specifically, Plaintiff appears to allege, with no basis in fact, that the undersigned conferred in the Court's library with a party in an unrelated case and asked about Plaintiff's union card. *See id.* Although Plaintiff "alleges the [undersigned] possesses biases that are in fact extrajudicial, his allegations are baseless and outlandish." *Fed. Nat'l Mortg. Ass'n v. Willis*, 2018 WL 3544073, at *2 (D. Nev. Jan. 22, 2018). Thus, Plaintiff's allegations fail to show that the undersigned's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible" in this case. *Liteky*, 510 U.S. at 555.

Accordingly, Plaintiff's notice of second manual entry, which the Court has construed as a motion for recusal of the undersigned, is **DENIED**. Docket No. 26.

IT IS SO ORDERED.

Dated: October 29, 2020

_____
Nancy J. Koppe
United States Magistrate Judge