1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRIS CAVE,

     Plaintiff,

v.

M. O'BRINKLEY, et al.,

     Defendants.

Case No.: 2:20-cv-00413-APG-NJK

**REPORT AND RECOMMENDATION**

[Docket No. 40]

14        Pending before the Court is Plaintiff Chris Cave's motion for leave to file an amended

15 complaint.  Docket No. 40.  The Court has considered Plaintiff's motion and the response filed by

16 Defendants Brinkley and Mead ("Defendants").  No reply was filed.  *See* Docket.  The motion is

17 properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed more fully

18 below, the undersigned **RECOMMENDS** that the motion for leave amend be **DENIED**.

19   **I.   LEGAL STANDARD**

20        When a party moves to amend the pleadings after the expiration of the deadline established

21 in the scheduling order, courts review the motion through a two-step process.  First, courts treat

22 the motion as seeking to amend the scheduling order, which is governed by the "good cause"

23 standard outlined in Rule 16(b).[1]  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th

24 Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

25 seeking amendment."  *Id.* at 609.  In particular, courts look to whether the deadline set in the

26 scheduling order "cannot reasonably be met despite the diligence of the party seeking the

27

28   ---

     [1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil
Procedure.

1

1  extension." *Id.*  Although prejudice to the opposing party may also be considered, the focus of the

2  inquiry is on the movant's reasons for seeking modification. *Id.*  "If that party was not diligent,

3  the inquiry should end." *Id.*  The party seeking amendment bears the burden of establishing

4  diligence. *Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

5       When good cause has been established under Rule 16(b), courts will then examine whether

6  amendment is proper under the standards outlined in Rule 15(a).  Rule 15(a) provides that "[t]he

7  courts should freely give leave [to amend] when justice so requires[.]" Fed. R. Civ. P. 15(a).  There

8  is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757

9  (9th Cir. 1999).  Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2)

10  undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether

11  the plaintiff has previously amended the complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316

12  F.3d 1048, 1052 (9th Cir. 2003).  These factors do not carry equal weight, however, with prejudice

13  being the most significant factor. *Id.*  The party opposing the amendment bears the burden of

14  showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927

15  F. Supp. 2d 949, 962 (S.D. Cal. 2013).

16  **II.    ANALYSIS**

17       On August 18, 2020, the Court entered a scheduling order setting the deadline to amend

18  pleadings for September 22, 2020.  Docket No. 23 at 2.  Plaintiff filed the instant motion for leave

19  to amend his complaint on November 24, 2020, two months after the deadline to amend pleadings

20  expired.  Docket No. 40.  Therefore, Plaintiff must demonstrate good cause to modify the Court's

21  scheduling order.

22       Here, Plaintiff fails to address, let alone demonstrate, good cause for modifying the Court's

23  scheduling order. *See* Docket No. 40.  Plaintiff submits that he "is not guilty of undue delay" and

24  "is not late" to amend his complaint. *Id.* at 2–3.  However, Plaintiff fails to show the diligence

25  required for a finding of good cause.  Having found that Plaintiff fails to establish good cause

26  under Rule 16(b), the Court need not address whether amendment is proper under Rule 15(a).

27

28

**III.   CONCLUSION**

Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for leave to amend his complaint be **DENIED**.  Docket No. 40.

Dated: December 17, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).