UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS CAVE, | Case No.: 2:20-cv-00413-APG-NJK |
| Plaintiff | **Order** |
| v. | [ECF Nos. 10, 13, 40, 42, 44, 48] |
| M. O'BRINKLEY, KENNETH MEAD, and BARRY HOLMES, | |
| Defendants | |

Plaintiff Chris Cave sues two Las Vegas Metropolitan Police officers (Michael Brinkley[1] and Kenneth Mead) and Clark County code enforcement officer Barry Holmes, for actions they took in seizing his car based on an administrative warrant and prosecuting him for interfering with a public officer. Cave alleges that in November 2016, he saw a tow truck backing up to his car. Believing the car was being stolen, he retrieved a gun. When he came out, police officers told him to put down the gun, which he did. He alleges that during the encounter, Brinkley insinuated that Cave was a sovereign citizen. The car was towed, and Cave's gun was returned to him.

Thereafter, Cave was charged in state court with interfering with a public officer. He was arrested when he went to the FBI field office for an interview about his objections to the towing incident. According to the complaint, that same day, Mead obtained a search warrant for Cave's house, where numerous items were seized. Cave alleges that even though no charges arose out

---

[1] Defendant Michael Brinkley states he has been erroneously identified as M. O'Brinkley. ECF No. 10 at 1. I will direct the clerk of court to correct the caption.

of the search, Mead refuses to return the seized property. The interference charge was dismissed on February 27, 2018.

Cave sues Mead, Brinkley, and Holmes under 42 U.S.C. § 1983 for malicious prosecution (count I) and unlawful seizure of his person based on his arrest (count IV). Cave also asserts against Mead a § 1983 claim for unlawful search and seizure based on the search warrant (count III) and a state law claim for abuse of process based on Mead obtaining the search warrant for the purpose of harassing him because Mead deems him a sovereign citizen (count II).

The defendants move to dismiss, and Holmes moves for summary judgment. Cave opposes the motions to dismiss, but he did not respond to Holmes' motion for summary judgment. Cave moves for leave to amend his complaint. Magistrate Judge Koppe recommends that I deny that motion. Cave also moves to stay the case.

I grant in part Brinkley and Mead's motion to dismiss. I grant Holmes' motion for summary judgment and deny as moot his motion to dismiss. I adopt Magistrate Judge Koppe's report and recommendation, so I deny Cave's motion to amend. Finally, I deny Cave's motion to stay the case.

## II. BRINKLEY AND MEAD'S MOTION TO DISMISS (ECF No. 10)

Brinkley and Mead contend that Cave's claims for abuse of process, unlawful search and seizure of property, and unlawful seizure of his person are untimely because Cave knew of the facts supporting those claims more than two years before he filed suit. They also argue the malicious prosecution claim fails because there is no allegation that the criminal case ended in a way that indicates Cave's innocence.

Cave responds that his unlawful search and seizure claim is timely because Mead continues to withhold the seized property. Cave concedes his claims for seizure of his person

and abuse of process are time-barred, although he makes confusing references to ongoing conduct based on some other incidents that are neither explained in his opposition nor mentioned in the complaint. He requests leave to amend these claims. With respect to the malicious prosecution claim, Cave argues that he need only allege that the proceedings terminated in his favor, and he did because he alleges the charges were dismissed.

### A. Statute of Limitations

For his state law abuse of process claim, Cave alleges that on December 20, 2016 Mead obtained a search warrant without probable cause to harass Cave as someone Mead and others deemed to be a sovereign citizen. ECF No. 6 at 5-6, 8. Cave's unlawful search and seizure of property claim is also based on Mead's conduct that day. *Id.* at 9. Cave alleges that the search and seizure were not supported by probable cause and Mead has not returned his property. *Id.* Finally, Cave's seizure of person claim is based on the allegation that the defendants initiated felony proceedings against him without probable cause, and as a result he was arrested on December 20, 2016. *Id.* at 5, 10.

Cave filed this lawsuit in February 2020. ECF No. 1. The parties agree that these claims are governed by a two-year limitation period. *See Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (stating that "claims brought under § 1983 are subject to the forum state's statute of limitations for personal injury suits"); Nev. Rev. Stat. § 11.190(4)(e) (providing for a two-year limitation period for "an action to recover damages for injuries to a person").

#### 1. Fourth Amendment Seizure of Property

The Fourth Amendment does not "become irrelevant once an initial seizure has run its course." *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017). "A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force. Thereafter,

the government must cease the seizure or secure a new justification." *Id.* Consequently, the Fourth Amendment "is implicated by a delay in returning the property, whether the property was seized for a criminal investigation, to protect the public, or to punish the individual." *Id.* (quotation omitted).

Cave alleges Mead lacked probable cause for the initial search. He also alleges that Mead has refused to return the property even though no criminal charges have been filed in relation to that search and "all attempts to retrieve the property have proven fruitless." ECF No. 6 at 9. Cave's claim is untimely to the extent it is based on the initial search because there are no allegations the search extended more than one day in 2016 and he filed this lawsuit more than four years later. However, I "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotation omitted). It is not absolutely clear that Cave could not plead other facts that would support an argument that this portion of his claim is timely. I therefore dismiss it without prejudice.

I cannot tell from the face of the complaint when (if ever) the retention of the property lacked legal justification. Therefore, I cannot dismiss the seizure claim as untimely. *See United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) ("A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." (alteration and quotation omitted)). I therefore deny the defendants' motion to dismiss the unlawful seizure of property claim.

/ / / /

/ / / /

4

2. Abuse of Process and Fourth Amendment Seizure of Person

Cave concedes his claims for abuse of process and Fourth Amendment seizure of his person are untimely, but he asserts the continuing violation doctrine applies. The continuing violations doctrine may apply to § 1983 claims. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019). The "essence" of the doctrine is that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Id.* (quotation omitted)). However, "discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed [complaints] because [e]ach discrete . . . act starts a new clock for filing [a complaint] alleging that act." *Id.* at 747 (quotation omitted). Further, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (en banc) (quotation omitted).

To the extent Cave has had additional contacts with law enforcement after December 2016, each discrete act starts a new limitation period for any violations related to each incident. Consequently, even if Cave has had other contacts with law enforcement after the December 2016 arrest and search, that does not support a continuing violation theory for statute of limitations purposes for his claims for abuse of process and unlawful seizure of his person arising out of the December 2016 search warrant and arrest. These two claims are therefore time-barred.

Cave requests leave to amend, but the only basis for amendment he identifies would be futile because his later contacts with law enforcement, even if they also involved constitutional or state law violations, would not extend the limitation period for these untimely claims. However, it is not absolutely clear that Cave could not plead other facts that would support an

5

argument that his claims are timely. I therefore dismiss these claims without prejudice and with leave to amend.

I do not grant Cave blanket leave to amend. Rather, he may amend only these two claims and his unlawful search and seizure claim related to the initial search, only as to Mead and Brinkley, and only to add allegations that would support a timeliness argument, if facts exist to do so.

**B.  Section 1983 Malicious Prosecution (Count I)**

Cave's malicious prosecution claim arises under § 1983. ECF No. 6 at 7. To state a § 1983 malicious prosecution claim, a plaintiff must plausibly allege "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quotation omitted). I look to the forum state's law to determine the "relevant elements" of the common law tort of malicious prosecution. *Id.* Under Nevada law, "the elements of a malicious prosecution claim are: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (quotation omitted).

Brinkley and Mead argue that the criminal proceeding was not terminated in a manner indicating Cave's innocence. They rely on the state court docket, which they interpret to indicate the case was dismissed when Brinkley twice failed to show for the preliminary hearing. Cave contends he need only show that the criminal proceeding terminated in his favor, which happened because the charge was dismissed.

Even if the defendants are correct on their legal theory, the docket notes are cryptic. There is an entry indicating that Brinkley failed to appear at the initial preliminary hearing and that "if this same officer is not present at the next Preliminary Hearing Date, this cas[e] is to be dismissed with prejudice." ECF No. 10-1 at 3. At the next preliminary hearing date, the notes identify Holmes as a witness. *Id.* The entry states that "Per Barry Holmes (Code Enforcement) the vehicle was towed, a lien was placed and the lien was paid off. The Code Enforcement case is closed." *Id.* There is no mention of Brinkley, so it is unclear from the docket entry whether he was there. The next entry states only that a motion to dismiss was granted. *Id.* The docket does not clearly indicate that the case was dismissed because Brinkley did not appear. I cannot dismiss Cave's malicious prosecution claim based on these ambiguous docket entries. Because this is the only basis on which Brinkley and Mead move to dismiss the malicious prosecution claim, I deny the motion to dismiss it.

## II. HOLMES' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT (ECF Nos. 13, 48)

Holmes moves to dismiss, arguing that the complaint contains no allegations that he seized Cave or initiated prosecution against him, and there was probable cause for Cave's arrest by the complaint's own allegations. He also moves for summary judgment, asserting there is no evidence he violated Cave's rights.

Cave responds to the motion to dismiss by arguing that he adequately pleaded a lack of probable cause to arrest because he alleged that he followed the police officers' orders to drop his weapon. He appears to concede the complaint does not adequately identify what actions Holmes took, but he requests leave to amend should the complaint be lacking. Cave did not respond to the motion for summary judgment.

Holmes has met his initial burden at summary judgment by pointing to a lack of evidence supporting Cave's claims against him. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case." (quotation omitted)). Because Cave did not respond, he has not pointed to evidence supporting his claims against Holmes. I therefore grant Holmes' motion for summary judgment, and I deny as moot Holmes' motion to dismiss.

## III. MOTION TO AMEND AND REPORT & RECOMMENDATION (ECF Nos. 40, 42)

On November 24, 2020, Cave moved to amend his complaint to correct Brinkley's name, to add an additional defendant, and to add additional claims. Magistrate Judge Koppe recommended that I deny amendment because Cave moved to amend after the deadline to amend pleadings had expired and Cave did not demonstrate good cause for amending the deadline. Cave did not file an objection.[2] ECF No. 42. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)). Regardless, Judge Koppe's report and recommendation are supported by appropriate factual and legal bases. I adopt her recommendation and deny Cave's motion to amend.

---

[2] Brinkley and Mead interpret ECF No. 43 as Cave's objection. I do not share that interpretation. ECF No. 43 appears to be a late-filed reply because it responds to the arguments made in Brinkley and Mead's opposition to the motion to amend. To the extent ECF No. 43 is meant to be an objection, it does not address good cause and so does not set forth a basis for me to do anything other than adopt Magistrate Judge Koppe's report and recommendation.

## IV. MOTION TO STAY CASE (ECF No. 44)

Cave requests the case be stayed so a grand jury can be convened. Mead and Brinkley oppose, arguing there is no basis to stay this case because there are no ancillary criminal proceedings ongoing and a grand jury is not the proper forum for conducting discovery in a civil case such as this one. Holmes also opposes, arguing the motion fails to present him with a meaningful opportunity to understand what Cave is seeking. Holmes also argues the case should proceed to final resolution without being indefinitely stayed while awaiting some criminal process.

I deny Cave's motion to stay. There is no basis to stay this case pending unidentified grand jury proceedings to investigate unidentified crimes against unidentified individuals. There is no basis to conclude that a grand jury will be convened in relation to any of the issues in this case.

## V. CONCLUSION

I THEREFORE ORDER the clerk of court to correct the caption by changing defendant M. O'Brinkley to Michael Brinkley.

I FURTHER ORDER that defendants Michael Brinkley and Kenneth Mead's motion to dismiss **(ECF No. 10) is GRANTED in part**. Counts II, part of III related to the initial search, and IV of the complaint are dismissed without prejudice as to Michael Brinkley and Kenneth Mead. The motion is denied as to counts I and the remainder of count III of the complaint.

I FURTHER ORDER that defendant Barry Holmes' motion for summary judgment **(ECF No. 48) is GRANTED**.

I FURTHER ORDER that defendant Barry Holmes' motion to dismiss **(ECF No. 13) is DENIED as moot**.

I FURTHER ORDER that Magistrate Judge Koppe's report and recommendation **(ECF No. 42) is accepted** and plaintiff Chris Cave's motion to amend **(ECF No. 40) is DENIED**.

I FURTHER ORDER that plaintiff Chris Cave's motion to stay **(ECF No. 44) is DENIED**.

I FURTHER ORDER that by April 15, 2021, plaintiff Chris Cave may file an amended complaint to cure the deficiencies outlined in this order with respect to counts II, part of III related to the initial search, and IV against Michael Brinkley and Kenneth Mead only. If Cave does not file an amended complaint by April 15, 2021, then the case will proceed on the malicious prosecution claim in count I and the unlawful search and seizure of property claim in count III of the original complaint against Brinkley and Mead.

DATED this 15th day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE